```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DON ALTON HARPER,**

             **Plaintiff,**

     **v.**                           **CASE NO.  12-3176-SAC**

**U.S. ATTORNEY GENERAL,**
**et al.,**

             **Defendants.**

## O R D E R

This civil action was filed pro se by an inmate of the United States Penitentiary, Leavenworth, Kansas.  The initial filing cited "Bivens" but was not upon court-approved forms for filing a civil rights complaint under 28 U.S.C. § 1331 as required by court rule. Plaintiff sought millions of dollars in damages and removal of inadequately described 1994-1996 information from his FBI file.  He claimed loss of liberty for 19 years.  The clerk was directed to transmit forms to plaintiff.  Plaintiff then submitted his complaint upon forms, and his form complaint completely supersedes his original pleading.  Having examined all materials filed, the court finds as follows.

Plaintiff invokes the court's jurisdiction pursuant to "*Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388 (1971)."  As the factual background for his case, he states that he was convicted of bank robbery in 1993 and sentenced in 1994 to 341 months in prison. He makes several claims regarding his conviction including that a

conflict of interest arose on remand in 1995, the evidence was contrary to the verdicts, Government witnesses perjured themselves, identification procedures failed, and that his conviction was wrongful.[1]  Although what relief plaintiff seeks is certainly not clear, he asks to have the FBI Director "charged" with failure to investigate the information in his "FBI Rap" file regarding his arrest and conviction and he seeks removal of allegedly inaccurate information.  In his request for relief, he also claims entitlement to release from prison and money damages "for over 18 years of denying liberty."

Plaintiff's complaint contains several deficiencies including that this court is not shown to have jurisdiction over either of the named defendants, and that plaintiff's claims appear to be another of many improper attempts by him to challenge his confinement or conviction by means other than a habeas corpus petition.  *See e.g. Harper v. U.S. Attorneys Office*, No. 11-3122-RDR (July 20, 2011 & Aug. 19, 2011).  However, the court declines to consider these serious deficiencies at this time.

Instead, the court finds that Mr. Harper has previously been designated a three-strikes litigant.  Section 1915(g) of 28 U.S.C.

---

[1]   Mr. Harper has been repeatedly informed by this and other courts that in order to challenge his conviction, he must proceed by petition for writ of habeas corpus.  Moreover, he is well aware that any habeas action filed by him is second and successive.  He has also been repeatedly informed that he may not avoid the second and successive bar by improperly styling his habeas claims as some sort of civil action.  The court has no doubt that Mr. Harper has intentionally and knowingly brought this action under *Bivens.*

provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. The court takes judicial notice of the court records in *Harper v. P. Urbano, P.A.*, No. 07-00750-REB-KMT (Feb. 9, 2010[2] & Apr. 7, 2010)(Mr. Harper's in forma pauperis status was revoked because he is subject to the filing restrictions under 28 U.S.C. § 1915(g)), Appeal No. 10-1173 (10th Cir. May 20, 2010)(finding § 1915(g) applied to this appeal and requiring prepayment of the fee of $455.00).

As a three-strikes litigant, Mr. Harper is required to "pay up front for the privilege of filing . . . any additional civil actions" unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999). None of the facts alleged by plaintiff

---

[2] In this opinion, the court found that Mr. Harper had already acquired over three strikes in the following cases: *Harper v. United States District Court*, 96-cv-00207-DBS (D. Colo. Jan. 31, 1996)(mandamus action dismissed as "legally frivolous"), aff'd, 1996 WL 174701 (10th Cir. Apr. 12, 1996); *Harper v. Ippolito*, No. 07-cv-01678 (D. Colo. Oct. 4, 2007), aff'd, 2008 WL 376395 (10th Cir. Feb. 12, 2008)(appeal of dismissal of FTCA case dismissed as legally frivolous); *Harper v. Van Bebber*, No. 96-cv-00318 (W.D. Mo. June 4, 1996)(complaint dismissed as "legally frivolous within the meaning of 28 U.S.C. 1915(e)"); *Harper v. United States Attorney's Office*, No. 98-cv-00322-UNA (D.D.C. Feb. 6, 1998)(petition for writ of mandamus dismissed for "failure to state a claim on which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii)"), *aff'd 1998 WL 796240 (D.C. Cir. Oct. 6, 1998); Harper v. United States,* No. 99-cv-02821-UNA (D.D.C. Oct. 26, 1999)(complaint dismissed "with prejudice as malicious, pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i) and 1915A(b)(1)"), aff'd 2000 WL 274237 (D.C. Cir. Feb. 2, 2000). This court assessed a strike against Mr. Harper in *Harper v. U.S. Attorneys Office*, No. 11-3122-RDR (Aug. 19, 2011)(complaint "dismissed as frivolous").

in his complaint or other filings suggests that he is in imminent danger of serious physical injury. Accordingly, Mr. Harper may proceed in this action only if he pays the full fee of $350.00 for filing this civil complaint.

Plaintiff's motion for a hearing on "his wrongful conviction and false imprisonment" is denied because, as he has been informed, he may not raise habeas corpus claims in a civil action. His Motion for Appointment of Counsel is denied because it appears likely that this action will not go forward.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 3), plaintiff's Motion for Hearing (Doc. 5), and plaintiff's Motion for Appointment of Counsel (Doc. 6) are denied.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to submit the $350.00 filing fee and that his failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2012, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**