IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DON ALTON HARPER,

       Plaintiff,

    v.        CASE NO.  12-3176-SAC

ERIC HOLDER, U.S.
Attorney Gen., et al.,

       Defendants.

### O R D E R

  This pro se civil complaint was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas. Upon screening, the court entered an Order requiring Mr. Harper, who is a three-strikes litigant, to submit the filing fee of $350.00 and notifying him that his failure to pay the full filing fee within the allotted time will result in the dismissal of this action without prejudice.

  Instead of complying with the Order, Mr. Harper has filed a Notice of Interlocutory Appeal (Doc. 8). 28 U.S.C. § 1292 provides for appeals from interlocutory decisions by a federal district court only in very limited circumstances. Subsection (b) of § 1292 pertinently provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that

1

>     an immediate appeal from the order may materially
>     advance the ultimate termination of the litigation, he
>     shall so state in writing in such order.  The Court of
>     Appeals which would have jurisdiction of an appeal of
>     such action may thereupon, in its discretion, permit
>     an appeal to be taken from such order, if application
>     is made to it within ten days after the entry of the
>     order: Provided, however, That application for an
>     appeal hereunder shall not stay proceedings in the
>     district court unless the district judge or the Court
>     of Appeals or a judge thereof shall so order.

*Id.* Having carefully considered this matter and the relevant authorities, the court declines to order certification of this case for interlocutory appeal.

Plaintiff does not seek to appeal one of the few actions for which interlocutory appeals are expressly allowed under § 1292, such as the denial or issuance of an injunction. *See Swint v. Chambers County Com'n*, 514 U.S. 35, 45-46 (1995). Thus, in order for this interlocutory appeal to proceed as to the "otherwise not appealable orders," this court must issue the written certification required by § 1292. Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *State of Utah by and through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.), *cert. denied*, 513 U.S. 872 (1994)(citation omitted). A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate

appeal would "materially advance the ultimate termination of the litigation." *Kennecott*, 14 F.3d at 1495.

This court does not believe that an immediate appeal at this juncture from its Order of October 17, 2012, would materially advance the ultimate termination of this litigation. Moreover, it cannot be said that the questions raised by plaintiff in this appeal are ones as to which there is "substantial ground for difference of opinion." The court concludes that plaintiff's interlocutory appeal shall not be certified.

Even if the court's order denying leave to proceed in forma pauperis may be subject to interlocutory appeal, plaintiff states no grounds whatsoever for appeal of this Order. Instead, he inappropriately raises claims of imminent danger in his appellate filings that have not been presented to this court.

Mr. Harper was denied leave to proceed in forma pauperis in this case at the district court level and has not satisfied the district court filing fee prerequisite. As a three-strikes litigant, he is likewise not entitled to appeal without prepaying the appellate filing fees of $455, unless he shows imminent danger of serious physical injury. The allegations in his Notice do not suggest imminent danger arising from the allegations raised in his complaint or this appeal. Instead, plaintiff describes his "medical record" and an alleged assault

3

by seven inmates on September 28, 2012, neither of which is related to his recurrent claim of loss of liberty or his claim regarding his FBI file.

The court warns Mr. Harper that this matter is not automatically stayed by an interlocutory appeal. Thus, the time set by the court for plaintiff to pay the district court filing fee in full or suffer dismissal of this case is unchanged.

**IT IS THEREFORE BY THE COURT ORDERED** that this court declines to certify plaintiff's interlocutory appeal (Doc. 8), certifies that this appeal is not taken in good faith, and denies leave to proceed without prepayment of fees on appeal.

The clerk is directed to transmit a copy of this Order to plaintiff and to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**Dated this 8th day of November, 2012, at Topeka, Kansas.**

                                              **s/Sam A. Crow**
                                              **U. S. Senior District Judge**